UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>DANIEL PETERSON, et al.,<br><br>    Defendants. | Case No.  22-cv-03178-VC<br><br>**ORDER DENYING MOTION TO DISMISS AND OPENING JURISDICTIONAL DISCOVERY**<br><br>Re: Dkt. No. 33 |

The Peterson defendants' motion to dismiss for lack of personal jurisdiction is denied without prejudice. At this point, there are too many unknowns to determine that there is no jurisdiction. For example: Did Peterson's talk in Santa Clara constitute recruitment? Did Peterson do other such talks or otherwise recruit patients in California? To what extent, if any, did Peterson's California medical license facilitate his treatment of the plaintiff?

The parties may take jurisdictional discovery for 90 days from the date of this order. The parties should keep in mind the concerns expressed at the hearing: The defendants are trying to conceive of suit-related conduct very, very narrowly, and the plaintiff is not fully acknowledging the extent to which it is conduct by a defendant—not facts about a plaintiff—that creates personal jurisdiction. *See generally Walden v. Fiore*, 571 U.S. 277 (2014).

The Peterson defendants may file a renewed motion after this period of discovery if they still believe that there is not personal jurisdiction. Such a renewed motion is due no later than 21 days after the end of jurisdictional discovery.

Meanwhile, all discovery may proceed between the plaintiff and Simmaron Research.

//

**IT IS SO ORDERED.**

Dated: January 20, 2023

_____

VINCE CHHABRIA
United States District Judge